# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2011

No. 10-60263
Summary Calendar

Lyle W. Cayce
Clerk

HERBERT ALBARENGA-CHAVEZ, also known as Herbert Patrocinio Chavez-Alvarenga,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 612 264

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Herbert Albarenga-Chavez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order denying his request for withholding of removal.

For the first time, Albarenga challenges: (1) the IJ's finding his proffered social group of "migrant workers" was *not* cognizable; and (2) the IJ's implicit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding he was not entitled to withholding of removal based on Indian descent. Because Albarenga failed to exhaust his administrative remedies for these claims by raising them before the BIA, our court lacks jurisdiction to consider them. 8 U.S.C. § 1252(d)(1); *see Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Albarenga also contends he is entitled to withholding of removal because of past, and likelihood of future, persecution on account of his membership in a particular social group: individuals who refuse to join gangs in El Salvador. When the BIA affirms the IJ's denial, based in part on the IJ's opinion, as it did in this case, our court reviews both decisions. *See, e.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We review the IJ's and BIA's determinations Albarenga is *not* eligible for withholding of removal under the substantial evidence standard. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). That standard "requires only that the BIA's decisions be supported by record evidence and be substantially reasonable". *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009) (internal quotation marks and citation omitted).

To establish eligibility for withholding of removal, an alien must show "'it is more likely than not' that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum". *Efe*, 293 F.3d at 906 (quoting 8 C.F.R. § 208.16(b)(1)). The protected categories are "race, religion, nationality, membership in a particular social group, or political opinion". 8 U.S.C. § 1101(a)(42)(A); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). That Albarenga has *not* shown membership in a particular social group is supported by the record and is substantially reasonable. *See Shaikh*, 588 F.3d at 863. Because he has *not* demonstrated a protected ground was a central reason for the alleged persecution, Albarenga has *not* demonstrated the IJ and BIA erred in denying withholding of removal.

DISMISSED FOR LACK OF JURISDICTION IN PART; DENIED IN PART.